WILLIAMS v. THE STATE.

EVIDENCE:  *Admissions of guilt by silence.*

Where one is accused of crime and is silent, it may go to the jury as a
tacit but weak admission of guilt.  Such silence is worth but little as
a tacit admission, and should be received with great caution.

APPEAL from *Drew* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

ENGLISH, C. J.   This case has been here before on ap-
peal by Matilda Williams, and the judgment on a verdict
of murder in the first degree was reversed.

The indictment charged, in substance, that on the
fifteenth of November, 1880, in the county of Drew, Wil-
liam Johnson and Cæsar Pitts murdered Calvin Williams,
with an ax, and that the defendant, Matilda Williams, at
the time the murder was committed, was present, standing
by, and then and there unlawfully, feloniously and of her
malice aforethought, and with premeditation and delibera-
tion did aid, abet and assist said William Johnson and
Cæsar Pitts to do and commit the murder in the manner
and form aforesaid.

In other words, she was indicted as a principal, and not
as an accessory before the fact.  The judgment was re-
versed, on her former appeal, because there was no evi-
dence that she was present when the murder was commit-
ted, and because the trial judge erroneously charged the
jury, in effect, that she might be convicted under the in-
dictment, though not present, if she advised and en-
couraged the perpetration of the crime.   See *Matilda Wil-
liams v. The State, 41 Ark., 173.*

On the remanding of the cause she was again tried, on

the same indictment, at the February term, 1884, and the jury returned the following verdict:

" We, the jury, find the defendant, Matilda Williams, guilty of accessory before the fact to murder in the first degree, as charged in the indictment."

She was refused a new trial, sentenced to suffer the death penalty, took a bill of exceptions, and prayed an appeal, which was allowed by one of the judges of this court.

I. We endeavored to make it very plain, in the opinion delivered on the former appeal in this case, that, though accessories before the fact are punishable under our statute as principals, yet they are not indictable as such, and that one indicted as a principal can not be convicted on proof of being an accessory before the fact.

The verdict rendered on the second trial was not strictly responsive to the allegations of the indictment. If the allegations of the indictment had been proved, the jury should have found the accused guilty of murder in the first degree, and not as an accessory before the fact to such murder.

II. The proof of the *corpus delicti* on the second trial was about the same as on the first, and its substance is stated in the opinion delivered on the first appeal.

Calvin Williams disappeared from his home on the Prewit plantation, in Drew County, on a day of October, 1880, and his skeleton was discovered on the fourth of June, 1883, by a man plowing in a new ground about a quarter of a mile from his house. The place where his bones were found was an old deadening and thicket when he disappeared.

Appellant, Matilda, was his wife, and William Johnson and Cæsar Pitts, laborers on the Prewit place, were boarding with him at the time he disappeared. After the dis-

covery of his bones, Johnson and Pitts were indicted for murdering him, and appellant was separately indicted as above stated. At the time of her second trial, Johnson and Pitts had been convicted, and Pitts had obtained a new trial, and his case was still pending.

No eye witness to the murder of Calvin Williams was produced on the trial of appellant. She was convicted on vague proof of admissions, or assumed admissions by silence.

EVIDENCE: Admission of guilt by silence.   The rule on the subject of admissions by silence is, that where one is accused of crime and is silent, it may go to the jury as a tacit but weak admission of guilt. Such silence is worth but little as a tacit admission, and should be received with great caution. *Ford v. The State, 34 Ark.,* *654,* and authorities cited.

The State attempted to prove by Alex. Walker that appellant by silence acquiesced in a threat made by Johnson against her husband.

Walker testified that on the fourth of July, 1880, he stopped at the house of Calvin Williams, on his way to a barbecue, and, while sitting back of the fireplace blacking his shoes, heard Calvin say to Matilda: " I want some clean clothes to wear to the barbecue." Matilda said, " You have no clean clothes." There was a shirt lying on the bed, and Calvin, pointing to it, said, " Whose shirt is this?" Matilda said, "It is Johnson's." Calvin said, "How is it you can do up Johnson's shirts, and can't do up mine ? " She said " I did not have time to do up your clothes." Calvin then walked out of the house and said no more. Johnson said, "Never mind, we will get rid of him before long." Matilda was busy doing something, and witness did not know whether she heard what Johnson said or not. Witness heard it, and she was closer to Johnson than he was, etc. They all went to the barbecue

together. Witness did not tell Calvin of the remark that Johnson made.

It was in evidence that at some time after the disappearance of Calvin Williams, William Johnson and appellant intermarried, and afterwards she left him.

Mariah Gray, a witness for the State, testified that after Matilda had left Johnson, she heard Johnson ask her in the spring of 1883, if she was coming back to him; she said " No, William Johnson, I am not." He said, " If you don't come back to me, I am going to give myself up to the State, and get us both in the penitentiary." She said, "I have done nothing; I have killed nobody." He said, "I know you have not killed anybody, but you had it done; you fixed the way for it to be done, and I can go and put my hand on it, and that will be proof enough." About this time witness walked off, and did not hear them say any more.

Josephine Simmons, another witness for the State, was present at this interview between Johnson and appellant, and her testimony was the same as that of Mariah Gray.

Both of them failed to prove any tacit admission on the part of appellant. To Johnson's first remark they heard and stated her response in denial. They both walked off when he made the second accusation, and heard nothing more. They failed to prove that she tacitly admitted this accusation by silence.

It was in evidence that after that interview, appellant went back and lived with Johnson.

Alex. Johnson, witness for State, testified that he was put in jail with William Johnson, Cæsar Pitts and Mrs. Williams, and that "one day while in jail, William Johnson got to persecuting Cæsar Pitts, and said he did it. William Johnson said Mrs. Williams 'suaded him out in the old deadening, and you hit him in the head, and broke

his back.  Cæsar Pitts said "No, you knocked him in the head, and broke his back." This conversation was in the hearing of Matilda Williams. Matilda Williams said, "I don't know anything about it." She was in a cell on the other side of the hall. She said she did not know anything about it. Witness was put in jail concerning the killing of Calvin Williams."

Here again the State failed to prove that appellant made any admission by silence.

It was in evidence that Calvin Williams, on the morning of the day of his disappearance, went to Tillar's Station, and bought a pair of boots and a piece of meat; and at some time on the same day, was seen with the boots and meat, on the road between the station and his house, about half a mile from his home. It was not proved that he was seen by any one after that.

Before and up to that day, he and wife, Johnson, Pitts and others had been picking cotton in a field not far from his house together. He was not at the field on that day, and Johnson and Pitts were both absent from the field during the whole day. Appellant picked cotton as usual, the whole of the day, with the other hands. At the dinner hour they went with her to her house, and after dinner they returned by her house, and she went with them to the field.

After carefully examining all the evidence, we repeat what was said in the opinion delivered on the former appeal:

"Appellant was indicted as a principal, and without proof that she was present, but on slight, vague and unsatisfactory testimony that she advised and encouraged the commission of the crime, she was convicted."

We are not willing to affirm a sentence of death on the evidence disclosed in the bill of exceptions.

Reversed, and remanded for a new trial.